UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA | Case No. 5:25–cr–00266–SSS |
| Plaintiff, | |
| v. | **CRIMINAL STANDING ORDER AND TRIAL ORDER** |
| JOSE DE JESUS ORTEGA, et al. | |
| Defendant/s. | |

1
2

**PLEASE READ THIS ORDER CAREFULLY. IT GOVERNS THE CASE**

**AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

3
4
5
6
7
8
9
10
11
12

This action has been assigned to the calendar of United States District Judge Sunshine S. Sykes. Both the Court and the parties' counsel bear responsibility for the progress of this action. To ensure the just determination of this action, "to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay," as called for in Federal Rule of Criminal Procedure 2, all parties or their counsel, including pro se defendants,[1] are ordered to be familiar with the Federal Rules of Criminal Procedure, the Local Criminal Rules of the Central District of California ("Local Criminal Rules"), the applicable Local Civil Rules of the Central District of California ("Local Civil Rules"),[2] and this Court's standing orders, online procedures, and schedules.

13

Unless the Court orders otherwise, the following rules must apply.

14

**I.    GENERAL REQUIREMENTS**

15

**A.    Invitation to Self-Identify Pronouns and Honorifics**

16
17
18

Counsel may indicate their pronouns and honorifics and those of the defendant by filing a letter adding the information in the name block or signature line of the pleadings, or verbally informing the Court when making an appearance.

19

**B.    Telephonic and Video Appearances**

20
21
22

The Court does not conduct telephonic hearings. By default, **all hearings must proceed in-person**, unless a request is made by the parties to appear via video appearance and granted by the Court. Requests for a remote Zoom appearance must

23

_____

24

25
26

[1] Parties appearing pro se must comply with the Federal Rules of Criminal Procedure, Civil Procedures, and Evidence and the Local Rules. Local Civil Rules 1-3 and 83-2.2.3.

27
28

[2] "When applicable directly or by analogy, the Local [Civil] Rules of the Central District of California must govern the conduct of criminal proceedings before the District Court, unless otherwise specified." Local Criminal Rule 57-1.

1  be filed one (1) week before the hearing and must indicate that counsel has met and

2  conferred with opposing counsel consistent with Local Civil Rule 7-3.

3      **C.    Filings**

4      The captioned title of every filing must contain: (1) the name of the first-listed

5  defendant as well as the name(s) and number(s) of the particular defendant(s) to

6  whom the filing applies (in the order listed in the Indictment), unless the document

7  applies to all defendants; (2) the individual defendant's registration number when

8  applicable to the relief requested (*e.g*., requests for transfer, medical requests); and

9  (3) the milestone dates for Indictment, Final Pretrial Conference, Trial, and Last

10  Day of the speedy trial period.

11      All parties must docket items only as to the particular defendant(s) to whom

12  the item pertains, rather than all defendants, unless the item pertains to all. Except

13  for documents filed under seal or in camera, every document must be filed

14  electronically in such a way that it is clear from the docketing entry to which

15  defendant(s) it applies. The outer envelope containing any document filed under

16  seal or in camera should identify the case title by the first-listed defendant and case

17  number only and should state that the document is being filed under seal or in

18  camera.

19      Pursuant to Local Civil Rule 11-3.1.1, either a proportionally spaced or

20  monospaced font may be used. **All briefing must use Times New Roman font.**

21  Text must be no less than size fourteen (14) point font; footnotes must be no less

22  than size twelve (12) point font.

23      Counsel must follow the Central District's Local Rules and General Orders

24  concerning electronic filing, unless superseded by this Order. Counsel must adhere

25  to Local Civil Rule 5-4.3 with respect to the conversion of all documents to .pdf so

26  that when a document is filed, it is in the proper size and is .pdf searchable. Further,

27  all documents must be filed in a format so that text can be selected, copied, and

28  pasted directly from the document. *See* Local Civil Rule 5-4.3.1.

**D.    Applications to File Under Seal**

Local Rule 79-5 governs applications to file documents under seal. Local Rule 79-5.2.2 explains how to apply to file under seal and how to proceed if leave is granted. Parties must comply with all provisions of Local Rule 79-5.

There is a strong presumption of access to judicial records in civil actions. *Ctr. for Auto Safety v. Chrysler Grp., LLC* 809 F.3d 1092, 1096 (9th Cir. 2016) (citing *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1135 (9th Cir. 2003)).

For each document or other type of information a party seeks to file under seal, the party must identify the factual and/or legal justification that establishes "good cause" or "compelling reasons" for the information to be protected. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

The "compelling reasons" standard applies when either the document itself or the motion to which the document is attached is more than tangentially related to the merits of the case. *Ctr. for Auto Safety*, 809 F.3d at 1096-97, 1099, 1101. When the document is attached to a motion that is unrelated or only tangentially related to the merits of the case, "a party need only satisfy the less exacting 'good cause' standard." *Id*. at 1097 (citing *Foltz*, 331 F.3d at 1135).

Documents that are not confidential or privileged in their entirety should not be filed under seal if the confidential portions can be redacted and filed separately with a reasonable amount of effort. The parties should file a complete version of the documents under seal and a redacted version for public viewing, omitting only the portions that the Court has authorized to be filed under seal.

Sealing must be justified for each individual item. Blanket claims of confidentiality will result in the application to seal being denied. Counsel are strongly encouraged to consider carefully whether sealing or redaction is absolutely required for a given piece of evidence or argument. An application to seal that includes meritless requests to seal or redact documents will be denied. The parties must also meet and confer before filing an application to seal. If the parties intend

to file multiple applications to seal, they are encouraged to file a joint application to seal that identifies (1) the record evidence that all parties agree should be sealed and (2) the record evidence each party separately desires to be sealed. All applications to seal must be filed at least two weeks before the anticipated motion is filed.

**E.    Mandatory Chambers Courtesy Copies and Emailed Submissions**

The Court requires chambers copies of any motion papers or related exhibits, plea agreement(s), sentencing memoranda, and objections to the pre-sentence reports. The Court refers the parties to the trial requirements listed below for details regarding mandatory chambers copies of trial exhibits. This Order is not intended to affect the parties' ability to file and lodge documents and materials that are exempt from electronic filing under Local Criminal Rule 49-1.2.

Submissions emailed to Chambers pursuant to this Order must be in Microsoft Word ("Word") format and emailed to SSS_Chambers@cacd.uscourts.gov.

**F.    In-Custody Matters**

The Court calls in custody matters at 10:00 a.m. Defense counsel should make every effort to meet with their client before the hearing. If defense counsel needs additional time to meet with their client by the time their case is called, the Court will call other cases before that case will be called.

**G.    Calendar Conflicts**

If any counsel discovers a calendar conflict with a scheduled appearance in a court of a more senior district judge, counsel must inform opposing counsel and the Courtroom Deputy Clerk ("CRD") via Chambers' email address at: SSS_Chambers@cacd.uscourts.gov at least three business days before the scheduled appearance. Counsel should attempt to agree on a new date to accommodate the calendar conflict. Counsel must propose a new date by filing a Stipulation and (Proposed) Order.

\\\

1    The Court requires an attorney of record to appear at all hearings and will not

2    permit others to stand in on his or her behalf. If an attorney of record cannot appear

3    at a scheduled hearing due to unforeseen circumstances, the parties should follow

4    the procedure outlined above as soon as the conflict arises.

5    **H.    Proposed Orders**

6    Each party filing or opposing a motion or seeking the determination of any

7    matter must serve and lodge a detailed proposed order setting forth the relief or

8    action sought and a brief statement of the rationale for the decision with appropriate

9    citations. In addition, a copy of the proposed order in Word format must be emailed

10   to Chambers on the day the document is filed.

11   The parties must use the template for proposed orders available on Judge

12   Sykes' webpage[3] and submit in Word format. Failure to use the provided template

13   or submit in Word format may result in the Court striking the motion, application,

14   or stipulation without consideration of the request on its merits.

15   **II.    Pre-Trial Procedures**

16   **A.    Continuances**

17   Requests for continuances of pretrial or trial dates must be by motion,

18   stipulation, or ex parte application [4] and must be supported by a declaration setting

19   forth the reasons for the request. The declaration must include a detailed factual

20   showing of good cause and due diligence demonstrating the necessity for the

21   continuance, dating back to the filing of the complaint, stating the steps the parties

22   have taken to advance the litigation, demonstrating why the remaining steps could

23   not have been performed within the applicable deadlines, and stating whether any

24   previous requests for continuances have been made and whether these requests

25   were granted or denied by the Court. The Court will not grant requests to

26   _____

27   [3] http://www.cacd.uscourts.gov/honorable-sunshine-s-sykes.

28   [4] *See infra* Section II.C.

1   continue pretrial or trial dates absent this detailed showing. General statements are

2   insufficient to establish good cause.

3        If the parties jointly request a continuance, the request should clearly state that

4   the government and defendant(s) agree. If the case is complex, one or more parties

5   require additional time to prepare for trial, or other circumstances apply

6   necessitating a continuance, the request should so state and describe in detail.

7        A list of counsel's upcoming scheduled trials in other actions will not support

8   a showing of good cause absent the following information regarding each such

9   action listed: (1) the case name, case number, court where the action is pending,

10   and the initials of the district judge or name of the state court judge assigned to

11   each action; (2) the age of the action; (3) the nature of the offense(s) charged and

12   complexity of the action; (4) the scheduled trial date; (5) the estimated length of

13   trial; (6) the number of continuances previously granted; (7) the parties' trial

14   readiness; (8) the estimated likelihood a future continuance will be requested; and

15   (9) the likelihood the trial will proceed on the scheduled date.

16        Any request for continuance of trial must be filed no later than one (1) week

17   prior to the Final Pretrial Conference. Requests extending dates set by the Court

18   are not effective unless approved by the Court.

19   **B.    Motions**

20        The parties are reminded of their obligation under Local Civil Rule 7-3 and

21   Local Criminal Rule 57-1 to meet and confer to attempt to resolve disputes before

22   filing a motion.

23        Motions must be filed in accordance with Federal Rule of Criminal Procedure

24   47 and Local Criminal Rule 49, *et seq*., unless superseded by this Order. The Court

25   hears motions in criminal actions on **Fridays, beginning at 9:00 a.m.**

26   Non-Custody cases are heard starting at 9:00 a.m. and Custody cases are heard

27   starting at 10:00 a.m.

28        Pretrial motions, including motions to suppress evidence, motions to bifurcate

or sever, and motions concerning character evidence under Federal Rule of Evidence 404(b), must be noticed for a Friday that is mutually agreed to by counsel. It is not necessary to clear a hearing date with the CRD before filing a motion. The parties should not calendar a matter on a Friday that is a court holiday. If this occurs, the Court will re-calendar the matter for another Friday.

For all motions other than motions in limine, the briefing schedule is as follows:

- Motions must be filed at least five (5) weeks prior to the hearing;
- Briefs in opposition or notices of non-opposition must be filed at least three (3) weeks prior to the hearing; and
- Replies, if any, must be filed at least two (2) weeks prior to the hearing. All motions must be properly noticed for hearing no later than the date of the Final Pretrial Conference.

The parties must adhere to the briefing schedule set forth herein to afford the Court adequate time to prepare for the hearing; however, the parties may stipulate to an alternate briefing schedule contingent upon approval by the Court. Failure to comply with these deadlines may result in the Court declining to consider the untimely document. Local Criminal Rule 57-1; Local Civil Rule 7-12.

Memoranda of Points and Authorities in support of or in opposition to motions (except motions in limine) must not exceed twenty-five (25) pages. Replies must not exceed twelve (12) pages. Pursuant to Local Civil Rule 11-8, all Memoranda of Points and Authorities exceeding ten (10) pages must be accompanied by a Table of Authorities and a Table of Contents. Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations. No supplemental brief must be filed without prior leave of Court.

## C.    Ex Parte Applications

Ex parte applications are solely for extraordinary relief and are disfavored. The Court may impose sanctions for misuse of ex parte applications. The Court

considers ex parte applications on the papers and does not usually set these matters for hearing. If a hearing is necessary, the Court will notify the parties.

Ex parte applications that fail to conform to Local Civil Rules 7-19 and 7-19.1, including a statement of opposing counsel's position, will not be considered except upon a specific showing of good cause. All ex parte applications must contain an explanation of why ex parte relief is justified.[5] Failure to do so will result in the denial of the application. The moving party must serve the opposing party electronically, if possible. A party is considered served once the ex parte application has been e-filed. All parties registered for electronic service are sent a notification of ECF filing each time a document is e-filed with a link to the document for one free view. Defendants exempt from electronic service must be served the ex parte application by facsimile or personal service. *See* Local Criminal Rules 49-1.2, 49-1.3.2(b); Local Civil Rule 5-3.

Following service of the ex parte application by electronic, facsimile, or personal service, the moving party must notify the opposing party that any opposition must be filed no later than twenty-four (24) hours following service. Counsel will be notified by ECF of the Court's ruling. If a party does not intend to oppose an ex parte application, counsel must promptly inform the CRD.

Ex parte applications to allow defendants to travel should be made well in advance of the proposed date of travel. Counsel should state whether the Pretrial

---

[5] Ex parte relief is justified if the applying party can show that "(1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought)." *United States v. Overby*, No. 5:23-cr-00151-SSS (C.D. Cal. Oct. 27, 2023) (granting order for motion for reconsideration and articulating *ex parte* legal standard to be applied in criminal cases) (quoting *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013)). "An applying party must also show that 'it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.'" *Id.* at 57-6 (quoting *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)).

1    Services Officer has approved the travel. Applications by defendants with

2    appointed counsel must indicate who will pay for the travel and related expenses.

3    If these expenses are not to be paid by the defendant's employer, the Court may

4    require declarations under penalty of perjury from the persons paying the expenses.

5    ### D.    Motions in Limine

6    Motions in limine will generally be heard and ruled upon at the Final Pretrial

7    Conference. Each side is limited to five (5) motions in limine unless the Court

8    grants leave to file additional motions. Motions in limine must be filed at least four

9    (4) weeks before the Final Pretrial Conference. Oppositions must be filed at least

10    two (2) weeks before the Final Pretrial Conference. There must be no replies.

11    Motions in limine and oppositions must not exceed ten (10) pages in length.

12    Before filing a motion in limine, the parties must meet and confer to determine

13    whether the opposing party intends to introduce the disputed evidence and attempt

14    to reach an agreement that would obviate the need for the motion. Motions in

15    limine should address specific issues (*e.g.*, not "to exclude all hearsay"). The Court

16    may strike without further notice excessive, unvetted, or untimely motions in

17    limine.

18    The Mandatory Chambers Copy of all motions in limine and associated

19    exhibits must be provided in a three-ring binder. The government's and

20    Defendants' motions should be placed together in a single 3-inch binder if

21    possible; if these materials do not fit easily into a 3-inch binder, the parties may

22    submit separate binders. In either case, each motion should be tabbed and

23    accompanied by the corresponding Memorandum of Opposition.

24    ### E.    Notice and Discovery

25    Counsel must comply with all notice and discovery obligations set forth in

26    Federal Rules of Criminal Procedure 12, 12.1 - 12.4, 15, and 16. The government

27    must promptly produce to counsel for the defendant any evidence falling within the

28    scope of *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S.

150 (1972), *Roviaro v. United States*, 353 U.S. 53 (1957), and *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). The parties are encouraged to produce witness statements pursuant to 18 U.S.C. § 3500 and Federal Rule of Criminal Procedure 26.2 sufficiently in advance of trial or other proceeding to avoid delays. Defense counsel is reminded of its reciprocal discovery obligations pursuant to Federal Rule of Criminal Procedure 26 and should promptly produce such materials to avoid delay at trial. Counsel for the government must also disclose to counsel for the defendant the existence or non-existence of (1) evidence obtained by electronic surveillance and (2) testimony by a government informant. A violation of this Order or the government's obligations under *Brady, Giglio, Roviaro,* or *Henthorn* may lead to a finding of contempt, imposition of sanctions, referral to a disciplinary authority, adverse jury instructions, exclusion of evidence, or dismissal of charges.

Counsel must meet and confer to resolve discovery disputes informally prior to filing a motion to compel discovery. All discovery motions must state with particularity what is requested, the basis for the request, whether the discovery at issue has been requested, and opposing counsel's response to each such request. The Court may decline to hear discovery motions made without prior consultation with opposing counsel.

### F.    Bail Review

Any request for bail review made under 18 U.S.C. § 3142(f)(2)(b) based on changed circumstances or information not previously presented to the Magistrate Judge must be addressed in the first instance to the Magistrate Judge and must be served on both opposing counsel and Pretrial Services. Counsel is reminded to use form CR-88 when making such a request.

## III.    FINAL PRETRIAL CONFERENCE REQUIREMENTS

No later than one (1) week before the Final Pretrial Conference, the government must file the following documents: trial memorandum; witness list; exhibit list; case-specific glossary for the Court Reporter; joint jury instructions in

the form described below; joint proposed verdict form; joint statement of the case, and proposed voir dire questions, if any. Parties must **deliver a joint trial binder** containing all pretrial documents, indexed and with accompanying table of contents, to the "Courtesy Box" located outside of Courtroom 2 on the 2nd floor at the United States District Court, 3470 12th Street, Riverside, California 92501, no later than 5:00 p.m. on the day trial filings are due. The requirements for these documents are set forth below.

### A.    Trial Memorandum

The government's trial memorandum must set forth: (1) a factual summary of the government's case-in-chief; (2) a statement of the charges and the elements of each charge; (3) a time estimate of the length of the government's case-in-chief, including anticipated cross-examination; and (4) a discussion of relevant legal and evidentiary issues as applied to the facts of the case. The government must meet and confer with counsel for the defense and specify in the trial memorandum whether the parties agree or disagree on the matters therein.

### B.    Witness Lists

Witness lists must be in the format specified in Local Civil Rule 16-5, and must identify all potential witnesses, including for each witness: (1) a brief description of the testimony; (2) the reasons the testimony is unique and not redundant; and (3) a time estimate in hours for direct and cross-examination. The parties must use the template posted to Judge Sykes' webpage.

Any Amended Witness List must be filed and emailed to Chambers in Word format by 12:00 p.m. (noon) on the Friday before trial.

### C.    Exhibit Lists

Exhibit lists must be in the format specified in Local Civil Rule 16-6 and must include an additional column stating any objections to authenticity and/or admissibility and the reasons for the objections. The parties must use the template posted to Judge Sykes' webpage. The list should include defense exhibits to the

1    extent the defense does not object to disclosure.

2        Any Amended Exhibit List must be filed and emailed to Chambers in Word

3    format by 12:00 p.m. (noon) on the Friday before trial.

4        **D.    Case-Specific Glossary**

5        The parties must provide a case-specific glossary for the Court Reporter that

6    includes applicable medical, scientific, or technical terms, gang terms, slang, case

7    names likely to be cited, street/city/country names, all parties/agents/departments/

8    entities involved in the case, names of people interviewed/deposed, names of

9    family members, friends, or others who might be mentioned, and other

10    case-specific terminology.

11        **E.    Jury Instructions**

12        When possible, all instructions should be taken from the *Manual of Model*

13    *Criminal Jury Instructions for the Ninth Circuit*. Where no Ninth Circuit model

14    instruction applies, counsel should consult the instructions from O'Malley, et al.,

15    *Federal Jury Practice and Instructions*. The parties may submit alternatives to the

16    Ninth Circuit model jury instructions or O'Malley instructions only if counsel has

17    a reasoned argument that those instructions do not properly state the law or are

18    incomplete. The Court seldom gives instructions derived solely from case law.

19        The parties must make every effort to agree upon jury instructions before

20    submitting proposals to the Court. The Court expects the parties to agree on most

21    instructions, particularly when pattern or model jury instructions exist, and provide

22    a statement of applicable law. The parties must meet and confer regarding jury

23    instructions in a timely manner.

24        Each proposed instruction must be (1) numbered, (2) on a separate page, (3)

25    set forth in full, (4) cite the authority or source of the instruction, (5) cover only one

26    subject or principle of law, and (6) not repeat principles of law contained in any

27    other proposed instruction. If a standard instruction has blanks or offers options

28    (e.g., for gender), the parties must fill in the blanks or make the appropriate

1  selections.

2      For any disputed instruction, the opponent must state on a separate page

3  following the disputed instruction (1) the basis for the objection, (2) authority

4  supporting the objection, and (3) an alternative instruction (if applicable). On the

5  following page, the proponent must briefly respond to the objection with

6  supporting authority. Where appropriate, the disputed instructions must be

7  organized by subject, so that instructions that address the same or similar issues are

8  presented sequentially. If there are excessive or frivolous disagreements over jury

9  instructions, the Court will order the parties to meet and confer until the parties

10  narrow their disputes.

11      All proposed jury instructions must also include an index that lists the number,

12  title, source, and page number for each instruction, as illustrated below:

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
| 1 | Conspiracy-Elements | 9th Cir. 8.5.1 | 1 |

16      Counsel also must list the instructions in the order they will be given and

17  indicate whether the instruction must be read before opening statements, before

18  closing arguments, or after closing arguments.

19      During the trial and before closing argument, the Court will meet with the

20  parties to finalize the instructions. One or more copies of the instructions will be

21  given to the jury during deliberations. Accordingly, counsel must email Chambers

22  a "clean" set of all instructions in Word format, containing only the text of each

23  instruction, set forth in full on each page, with the caption "Instruction No. ___"

24  (eliminating the title and source of the instruction, supporting authority, etc.).

25      **F.    Joint Proposed Verdict Forms**

26      The parties must make every effort to agree on a general or special verdict

27  form before submitting proposals to the Court. If the parties are unable to agree on

28  a verdict form, the parties must file and email to Chambers one document titled

"Competing Verdict Forms" which must include (1) the parties' respective proposed verdict forms, (2) a redline of any disputed language, and (3) the factual or legal basis for each party's position. The Court may opt to use a general verdict form if the parties are unable to agree on a special verdict form.

### G.    Joint Statement of the Case

The parties must file and email to Chambers a Joint Statement of the Case for the Court to read to the prospective jurors before commencement of voir dire. The joint statement should be brief, neutral, and not more than one page in length.

### H.    Proposed Voir Dire Questions

The Court will conduct voir dire. In most cases, the Court will question all prospective jurors in the jury panel. The Court asks prospective jurors basic biographical questions (place of residence, employment, whether familiar with the parties or counsel, etc.), as well as questions going to their ability to be fair and impartial and carry out the duties required. The Court may ask additional case-specific questions. The parties may file and email to Chambers no more than five jointly proposed case-specific voir dire questions for the Court's consideration. If it considers the questions proper, the Court will pose the questions to the prospective jurors.

All challenges for cause and all *Batson* challenges must be made at sidebar or otherwise outside the prospective jurors' presence. The Court will not necessarily accept a stipulation to a challenge for cause.

## IV.   TRIAL PROCEDURES

Trial days are generally Monday through Thursday, from 9:00 a.m. to 4:30 p.m. with two ten-minute breaks and a one-and-a-half hour lunch break. Fridays are usually reserved for the Court's calendar. As a result, trial will not be held on Fridays unless the jury is deliberating or the Court's calendar allows trial to proceed. The exact dates and times of trial proceedings will be determined at the Final Pretrial Conference and on a case-by-case basis. The Court may consider

the expected length of trial, the witnesses and evidence to be presented, and the availability of counsel and the parties.

On the first day of trial, the parties must appear at 8:30 a.m. to discuss preliminary matters with the Court. Thereafter, legal and administrative matters will be addressed between 8:30 a.m. and 9:00 a.m. or 1:00 p.m. and 1:30 p.m. All counsel are urged to anticipate matters that may need to be addressed outside of the presence of the jury and to raise them during this period, during breaks, or at the end of the day. The Court does not make jurors wait while counsel discuss matters that should or could have been addressed at other times. Counsel are urged to consider any unusual substantive or evidentiary issues that may arise, and to advise the Court of such issues. Short briefs addressing such disputed issues are welcome.

Before trial begins, and as soon as the information becomes available to counsel, counsel should advise the Court of any concerns or accommodations that are requested for parties or witnesses. During trial, if there are any matters to be discussed outside the presence of the jury, counsel must advise the CRD of the request. The Court discourages sidebars during trial unless the issue cannot be resolved at an upcoming break.

The Court will call a jury panel only when it is satisfied the case is ready for trial. Jury selection usually takes only a few hours. The parties should be prepared to proceed with opening statements and witness examination immediately after jury selection.

### A.    Court Reporter Requests

Any party requesting special court reporter services (*e.g.*, daily transcripts) must notify Court Reporting Services at least two (2) weeks prior to trial.[6]

---

[6] Additional information regarding Court Reporting Services may be found on the Central District of California's website at http://www.cacd.uscourts.gov/court-reporting-services

**B.    Timing of Government Materials**

The government must present the following materials to the CRD the first day of trial:

1.    Three (3) copies of the indictment/information;

2.    Three (3) copies of the government's witness list;

3.    Three (3) copies of the government's exhibit list; and

4.    All government exhibits in accordance with Section IV.D below.

**C.    Timing of Defense Materials**

Defense counsel must provide the government and the CRD the defense's witness list and exhibit list at the start of the defense's case, at the latest. Defense counsel must also simultaneously email to Chambers a Word version of the defense's witness list and exhibit list. Defense exhibits must be submitted at the same time in accordance with IV.D below.

**D.    Trial Exhibits**

Trial exhibits that consist of documents and photographs must be submitted to the Court in three-ring binders. The parties must submit to the Court three (3) sets of binders: one (1) binder with the original set of trial exhibits, and two (2) binders with copies of trial exhibits. The original set of exhibits must be for use by the jury during its deliberations, and the two sets of copies are for the Court. **The parties should prepare additional copies of exhibits for their own use and for use by witnesses.** The CRD will pull the admitted exhibits and prepare a final admitted exhibits binder to be given to the jury.

All exhibits placed in three-ring binders must be indexed by exhibit number with tabs or dividers on the right side. Exhibits must be numbered sequentially: 1, 2, 3, etc., not 1.1, 1.2, etc. *See* Local Civil Rule 16-6. Every page of a multi-page exhibit must be numbered. Defendant's exhibit numbers must not duplicate the government's numbers. The spine of each binder must indicate the volume number and the range of exhibit numbers included in the volume.

1    The **original exhibits** must bear the official exhibit tags (yellow tags for the

2    government's exhibits and blue tags for defendant's exhibits) affixed to the front

3    upper right-hand corner of the exhibit, with the case number, case name, and

4    exhibit number stated on each tag. Tags may be obtained from the Clerk's Office,

5    or the parties may print their own exhibit tags using Forms G-14A and G-14B on

6    the "Court Forms" section of the Central District of California's website:

7    http://www.cacd.uscourts.gov/forms/exhibit-tags-plaintiff-defendant.

8    The **copies of exhibits** must bear copies of the official exhibit tags that were

9    placed on the original exhibits and be indexed with tabs or dividers on the right

10   side.

11   In addition to the three (3) sets of binders mentioned above, the parties must

12   also submit to the Court a USB flash drive containing .pdf versions of all exhibits

13   one (1) week before the start of trial. The USB flash drive should be delivered to

14   Judge Sykes' "Courtesy Box" located outside of Courtroom 2 on the 2nd floor at

15   the United States District Court, 3470 12th Street, Riverside, California 92501. The

16   government's exhibits should be placed in a separate electronic folder from

17   defendant's exhibits, if any, and the document file names **must** include the exhibit

18   number and a brief description of the document, for example: "Ex. 1 - Smith

19   Declaration.pdf" or "Ex. 105 - Letter Dated 1-5-20.pdf."

20   The Court provides audio/visual equipment for use during trial. The parties

21   are encouraged to use it. More information is available at:

22   http://www.cacd.uscourts.gov/clerk-services/courtroom-technology. If counsel

23   wishes to arrange for the use of additional equipment beyond what is ordinarily

24   available in the courtroom, counsel must email Chambers at least one (1) week

25   before trial so that the necessary arrangements may be made.

26   The Court does not permit exhibits to be "published" to the jurors before they

27   are admitted into evidence. Once admitted, exhibits may be displayed electronically

28   using the equipment and screens in the courtroom.

1    Weapons or contraband used as exhibits must remain in the custody of a law

2    enforcement agent during the pendency of the trial. It must be the responsibility of

3    the agent to produce any such items for court, secure them at night, and guard them

4    at all times while in the courtroom. The party using any such exhibit must notify

5    the United States Marshals Service well in advance if weapons or contraband are

6    to be brought into the courthouse.

7        Counsel must not attempt to display or use any charts or enlargements of

8    exhibits unless all counsel have agreed to their use or objections have been heard

9    and a ruling has been made by the Court.

10   **V.    CONDUCT OF ATTORNEYS AND PARTIES**

11       **A.    Meeting and Conferring Throughout Trial**

12       The parties **must** continue to meet and confer on all issues that arise during

13   trial. The Court will not rule on any issue unless the parties attempt to resolve it

14   first.

15       **B.    Opening Statements, Witness Examinations, and Summation**

16       Counsel must not discuss the law or argue the case in opening statements.

17   Counsel must use the lectern. Counsel should not consume jury time by writing out

18   words and drawing charts or diagrams. All such aids must be prepared in advance.

19   Counsel are not permitted to use any PowerPoint presentations during opening

20   statements unless stipulated to by both parties. When appropriate, the Court will

21   establish and enforce time limits for all phases of trial, including opening

22   statements, witness examinations, and closing arguments.

23       **C.    Objections to Questions**

24       Counsel must not make speaking objections before the jury or otherwise make

25   speeches, restate testimony, or attempt to guide a witness.

26   \\\

27   \\\

28   \\\

1    When objecting, counsel must rise[7] to state the objection and state only that

2    counsel objects and the legal grounds for the objection. If counsel wishes to argue

3    an objection further, counsel must seek permission from the Court.

4    **D.    General Decorum While in Session**

5    1.    Counsel must not approach the CRD, jury box, or witness stand

6    without Court authorization. Counsel must return to the lectern

7    when the purpose for the approach has been accomplished.

8    2.    Counsel must rise when addressing the Court, and when the Court

9    or the jury enters or leaves the courtroom, unless directed otherwise.

10    3.    Counsel must address all remarks, including any requests to repeat

11    questions or answers, to the Court. Counsel must not address the

12    CRD, the Court Reporter, persons in the gallery, or opposing

13    counsel. Counsel must ask the Court's permission to speak with

14    opposing counsel.

15    4.    Counsel must not address or refer to witnesses or parties by first

16    names alone, except for witnesses who are below age fourteen

17    (14).

18    5.    Counsel must address or refer to witnesses' counsel, parties, and

19    court personnel by their surnames, pronouns, and honorifics,

20    unless leave to do otherwise is granted.

21    6.    Counsel must not offer any stipulation before conferring with

22    opposing counsel and securing their agreement. **Any stipulation of**

23    **fact requires the defendant's personal concurrence, must be**

24    **explained to the defendant in advance, and must be submitted**

25    **to the Court in writing for approval.**

26    _____

27    [7] Any party who is unable to rise, by reason of disability or otherwise, should inform the Court in advance.

28

7.   Counsel must remain at counsel table throughout trial except to examine witnesses, or as otherwise needed to present evidence. Counsel must not leave counsel table to sit in the gallery or confer with any person in the back of the courtroom without the Court's permission.

8.   Counsel must refrain from interrupting any other person in the courtroom when someone else is speaking.

9.   Counsel must not make facial expressions, nod, shake their heads, comment, or otherwise exhibit in any way any agreement, disagreement, or other opinion or belief concerning the testimony of a witness or argument by opposing counsel. Counsel must instruct their clients and witnesses not to engage in such conduct.

10.  Counsel must never speak to jurors under any circumstance and must not speak to co-counsel, opposing counsel, witnesses, or clients if the conversation can be overheard by jurors. Counsel must instruct their clients and witnesses to avoid such conduct.

11.  Where a party has more than one lawyer, only one attorney may conduct the direct or cross-examination of a particular witness or make objections as to that witness.

12.  Bottled water is permitted in the courtroom. Food and other beverages are not permitted. Cell phones must be silenced or may be confiscated.

**E.    Promptness**

1.   The Court expects the parties, counsel, and witnesses to be punctual. Once the parties and their counsel are engaged in trial, the trial must be their priority. The Court will not delay progress of the trial or inconvenience jurors.

\\\

2.  If a witness was on the stand at the time of a recess or adjournment, the party that called the witness must ensure the witness is back on the stand and ready to proceed as soon as trial resumes.

3.  The parties must notify the CRD in advance if any party, counsel, or witness requires a reasonable accommodation based on a disability or another reason.

4.  No presenting party may be without witnesses. If a party's remaining witnesses are not immediately available, thereby causing an unreasonable delay, the Court may deem that party to have rested.

5.  The Court will generally accommodate witnesses by permitting them to be called out of sequence. Counsel should meet and confer in advance and make every effort to resolve the matter.

**F.    Exhibits**

1.  No document must be placed before a witness unless a copy has first been provided to the Court and opposing counsel. The Court does not permit exhibits to be "published" to the jury by passing them up and down the jury box. Exhibits may be displayed briefly using the screen in the courtroom unless the process becomes too time-consuming.

2.  Counsel must keep track of their exhibits and exhibit list and record when each exhibit has been admitted into evidence.

3.  Counsel are responsible for any exhibits they secure from the CRD and must return them before leaving the courtroom.

4.  Any exhibit not previously marked must be accompanied by a request that it be marked for identification at the time of its first mention. Counsel must show a new exhibit to opposing counsel

before the court session in which it is mentioned.

    5.     Counsel must inform the CRD of any agreements reached regarding any proposed exhibits, including any exhibits that may be received into evidence without a motion to admit.

    6.     Counsel must refer to exhibits by exhibit number and instruct their witnesses to do the same.

    7.     Counsel should not ask witnesses to draw charts or diagrams or ask the Court's permission for a witness to do so. All demonstrative aids must be prepared in advance of the day's trial session.

    8.     For any items of evidence whose admissibility has not been stipulated to, counsel must seek to admit such items while the sponsoring witness is on the stand so that any issues or concerns that arise may be addressed immediately

## VI.    SENTENCING

### A.    Original Sentencing

Once set, the sentencing hearing must not be continued absent a detailed, substantial showing of good cause. No later than fourteen (14) days before the hearing, each party must submit either a sentencing memorandum or a written notice of intent not to file one. If counsel wishes to submit a sentencing video, they must seek the Court's permission. If permission is granted, counsel must provide the video and a transcript to opposing counsel at least twenty-one (21) days before the sentencing hearing. Videos may not exceed ten (10) minutes.

The Court does not permit sentencing documents to be filed under seal except those that comply with the standards discussed above in Section 1(D). Any documents filed under seal should be accompanied by a redacted version, omitting confidential information and providing a justification for each deletion (e.g., "medical information").

\\\

**B.     Supervision Violation**

For any hearing on an alleged or adjudicated violation of supervision, counsel should submit all relevant materials within seven (7) days prior to the hearing, and in no case fewer than two (2) court days prior to the hearing. Any such materials submitted fewer than two (2) days prior to the hearing require a showing of good cause, a supporting declaration, and Court approval.

**IT IS SO ORDERED.**

Dated:  September 8, 2025

_____
SUNSHINE S. SYKES
UNITED STATES DISTRICT JUDGE