1 TODD BLANCHE
  Deputy Attorney General
2 BILAL A. ESSAYLI
  First Assistant United States Attorney
3 ALEXANDER B. SCHWAB
  Assistant United States Attorney
4 Acting Chief, Criminal Division
  CORY L. BURLESON (Cal. Bar No. 322239)
5 Assistant United States Attorneys
  Deputy Chief, Riverside Office
6     3403 Tenth Street, Suite 200
      Riverside, California 92501
7     Telephone:  (951) 276-6945
      Facsimile:  (951) 276-6202
8     Email:      Cory.Burleson@usdoj.gov

9 Attorneys for Plaintiff
  UNITED STATES OF AMERICA

10

11                 UNITED STATES DISTRICT COURT

12           FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 UNITED STATES OF AMERICA,            ED CR No. 25-266(A)-SSS

14              Plaintiff,              STIPULATION FOR AN ORDER
                                        ALLOWING GOVERNMENT'S
15              v.                      DISCLOSURE OF GRAND JURY
                                        TESTIMONY; PROPOSED ORDER
16 JOSE DE JESUS ORTEGA and
   DANIELLE NADINE DAVILA,              Trial Date:   April 13, 2026
17                                      Trial Time:   9:00 a.m.
              Defendants.               Location:     Courtroom of the Hon.
18                                                    Sunshine S. Sykes

19

20        Plaintiff United States of America, by and through its counsel of record, Assistant

21 United States Attorney Cory L. Burleson, and defendant Jose De Jesus Ortega,

22 individually and by and through his counsel of record, Carlos Juarez, and defendant

23 Danielle Nadine Davila, individually and by and through her counsel of record, Oliver

24 Cleary, submit this stipulation for an order pursuant to Rule 6(e)(3)(E)(i) of the Federal

25 Rules of Criminal Procedure, authorizing the government to provide defendant's counsel

26 of record with a copy of the grand jury testimony of a witness whom the government

27 may call at trial.

28

The parties stipulate as follows:

1.    The trial in this matter is set to begin on April 13, 2026.

2.    The parties file this stipulation because of the government's disclosure obligations under the Jencks Act, 18 U.S.C. § 3500.  The government intends to call a witness at trial who testified before a grand jury related to this investigation into defendants.  Such testimony constitutes a statement under the Jencks Act, 18 U.S.C. § 3500, which the government is required to provide to defendants.

3.    Federal Rule of Criminal Procedure 6(e)(2)(B) provides in relevant part: "Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury: . . . (vi) an attorney for the government . . . ."  Fed. R. Crim. 6(e)(2)(B).  Rule 6(e)(3)(E) provides in relevant part:  "The court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter: [] preliminarily to or in connection with a judicial proceeding . . . ." Fed. R. Crim. 6(e)(3)(E).

4.    A trial court has "substantial discretion to order or deny release" of a grand jury transcript.  United States v. Evans & Associates Construction Co., 839 F.2d 656, 658 (9th Cir. 1988).  The starting point for the Court's analysis is the "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." Id. (citation omitted).  The Supreme Court has established five policy reasons for maintaining the secrecy of grand jury proceedings:

(1) to prevent the escape of those whose indictment may be contemplated;
(2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; [and] (5) to protect [an] innocent accused who is exonerated from disclosure

1    of the fact that he has been under investigation, and from the expense of

2    standing trial where there was no probability of guilt.

3    United States v. Procter & Gamble Co., 356 U.S. 677, 681 n.6 (1958) (internal

4    quotations omitted); see also United States v. Dynavac, Inc., 6 F.3d 1407, 1411 (9th Cir.

5    1993) (citing Procter & Gamble and Douglas Oil Co. of Calif. v. Petrol Stops Nw., 441

6    U.S. 211, 219 (1979), for the same proposition).  In United States Indus., Inc. v. United

7    States District Court, the Ninth Circuit reasoned that a determination of whether

8    disclosure of grand jury material should be made under Rule 6(e) depends on the need of

9    the party seeking disclosure and on the "policy considerations for grand jury secrecy as

10   they apply to the request for disclosure under consideration."  345 F.2d 18, 21 (9th Cir.

11   1965).  The court held: "[I]f the reasons for maintaining secrecy do not apply at all in a

12   given situation, or apply to only an insignificant degree, the party seeking the disclosures

13   should not be required to demonstrate a large compelling need."  Id.

14        5.    In this instance, the policy considerations requiring secrecy are inapplicable

15   with respect to those witnesses who will testify at trial because the case has been

16   indicted.  See Dynavac, 6 F.3d at 1412 ("When the grand jury investigation is already

17   terminated and an indictment has been issued, only 'institutional' concerns are

18   implicated by the documentary disclosure.") (citation omitted).  Moreover, disclosure of

19   the grand jury testimony to defense counsel would be in the interest of justice and allow

20   defense counsel material necessary to the defense in advance of trial.

21   / / /

22   / / /

23

24

25

26

27

28

6.    For the foregoing reasons, the parties respectfully request that this Court issue an order authorizing the government to provide defense counsel with a copy of the grand jury testimony of a witness the government intends to call at trial.

IT IS SO STIPULATED.

Dated: February 10, 2026              Respectfully submitted,

                                      TODD BLANCHE
                                      Deputy Attorney General

                                      BILAL A. ESSAYLI
                                      Acting United States Attorney

                                       /s/ Cory L. Burleson
                                      CORY L. BURLESON
                                      Assistant United States Attorneys

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

Dated: February 10, 2026               /s/ with email authorization
                                      CARLOS JUAREZ

                                      Attorney for Defendant
                                      JOSE DE JESUS ORTEGA

Dated: February 10, 2026               /s/ with email authorization
                                      OLIVER CLEARY

                                      Attorney for Defendant
                                      DANIELLE NADINE DAVILA